# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH NAPOLITANO,** : | No. 3:10cv806 |
|     **Plaintiff** : | |
| : | (Judge Munley) |
| v. : | |
| : | |
| **KEVIN DOHERTY;** : | |
| **PHILLIPS ELECTRONICS NORTH** : | |
| **AMERICA; and** : | |
| **ENTERPRISE RENT-A-CAR** : | |
| **COMPANY OF BOSTON, INC.,** : | |
|     **Defendants** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is plaintiff's motion to remand (Doc. 9).  Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises from an automobile accident involving Plaintiff Joseph Napolitano and Defendant Kevin Doherty.  (See Complaint (hereinafter "Complt."), Exh. A to Defendants' Notice of Removal (Doc. 1) at ¶ 7).  Plaintiff alleges that Defendant Doherty failed to stop for a red light, causing a collision with plaintiff's vehicle.  (Id.).  Plaintiff further alleges that the accident was caused by defendant's negligence and resulted in serious and permanent injuries.  (Id. at ¶ 9).

Plaintiff filed a complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania on March 16, 2010.  The complaint raises three counts.

Count I alleges that Defendant Kevin Doherty is liable for negligence and carelessness in causing the motor vehicle accident. Count II alleges that Defendant Kevin Doherty, was an employee of Defendant Phillips Electronics North America at the time of the accident, and that Doherty caused the accident in the course of his employment. Plaintiff thus alleges that Defendant Phillips is vicariously liable for Doherty's negligence. Count III alleges negligence by Defendant Enterprise Rent-A-Car, which provided the vehicle Defendant Doherty was driving at the time of the accident. Plaintiff contends that Enterprise was negligent in entrusting the automobile to Doherty.

Plaintiff alleges that he suffered "serious and permanent injuries, including, but not limited to, internal bleeding, tearing of the ligament of the right knee, a contusion of the right knee, contusion of the right ankle, contusion of the lower left leg, abdominal bruising and contusions, chest bruising and contusions, as well as other various injuries, bruises and contusions about his body, all of which may be permanent in nature." (Complt. at ¶ 28). Plaintiff also contends that he will be required to expend more money to meet continuing medical expenses, and that he "suffered great physical pain and anguish, severe shock to the nervous system, humiliation and embarassment, loss of life's pleasures, and may continue to suffer the same for an indefinite time in the future." (Id. at ¶¶ 29-30). Finally, plaintiff contends that he suffered "a permanent impairment of his earning power, and loss of earnings." (Id. at ¶ 31). As a result, plaintiff seeks damages from each of the

defendants "in an amount in excess of the jurisdictional limit regarding arbitration referral by local rule, plus interest and costs." Id.

After defendant removed the case to this court, plaintiff filed a motion to remand the case to the Court of Common Pleas of Lackawanna County. The parties then briefed the issue, bringing the case to its present posture.

**Legal Standard**

This case is before the court because defendant removed it from state court pursuant to 28 U.S.C. § 1441(a), which gives a defendant the right to remove "'any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Accordingly, "[t]he propriety of removal thus depends on whether the case originally could have been filed in federal court." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 162 (1997). Here, the question is whether this court has diversity jurisdiction to hear the case. Plaintiffs argue that the court should remand the case to state court because the amount in controversy does not meet the minimum requirement set out by Congress to confer diversity jurisdiction on this court. (See 28 U.S.C. § 1332(a)(1) (establishing that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different states[.]")). Plaintiff does not dispute that the parties are citizens of different states, but contends that the amount in controversy does not reach the jurisdictional level.

3

"Where the plaintiff expressly limits her claim below the jurisdictional amount as a precise statement in the complaint, applying the maxim that the plaintiff is the master of her own complaint, the *proponent* of the federal subject matter jurisdiction is held to a higher burden; that is, the proponent of the jurisdiction must show, to a legal certainty, that the amount in controversy *exceeds* the statutory threshold." Frederico v. Home Depot, 507 F.3d 188, 196 (3d Cir. 2007) (emphasis in original). If, however, "the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum . . . the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." Id. at 197. Here, the plaintiff has not averred a specific amount in the complaint, but instead seeks an "amount in excess of the jurisdictional limit regarding arbitration referral by local rule, plus fees and costs." Thus, the latter test must apply.

When a complaint does not limit its request to a precise monetary amount, the court may make an independent appraisal of the value of the rights being litigated to determine whether the amount in controversy is satisfied. Ciancaglione v. Sutherlin, No. Civ. A.04-CV-2249, 2004 WL 2040342 at *2 (E.D. Pa. September 13, 2004). Here, the plaintiff seeks damages for injuries suffered in an automobile accident, alleging that those injuries were serious and resulted in long-lasting pain and trauma. Moreover, plaintiff alleges emotional damages for trauma and humiliation, as well as lost wages and diminished future earning capacity. Plaintiff seeks compensation for

these past and future injuries, and for the costs of his medical treatment.

The court finds that it does not appear to a legal certainty that the jurisdictional limit could not be satisfied. Plaintiff alleges considerable medical and mental injury, as well as a loss of work and other pleasures of life. Such injuries could theoretically lead to damages for medical expenses, lost past and future wages, and pain and suffering. If the injuries plaintiff suffered were as extensive as here alleged–and there is no reason to conclude they would not be, as the accident involved two automobiles–then the amount in controversy could surely exceed $75,000. Indeed, the parties corresponded after plaintiff filed his motion to remand. (See Exh. 2 to Defendant's Brief in Opposition (Doc. 12)). Plaintiff refused to stipulate that damages in this case would not exceed $75,000. Thus, plaintiff has demonstrated by its own actions that it is not a legal certainty that the case involves less than $75,000. See Ketz v. Progressive Northern Ins. Co., No. 3:07cv731, 2007 WL 1726514 (M.D. Pa. June 14, 2007) (finding that when plaintiff made a settlement demand of $200,000 prior to filing the lawsuit "an independent appraisal of the claim's value reveals an amount in controversy of $200,000."). As such, the court will deny the plaintiff's motion to remand.

**Conclusion**

For the reasons stated above, the court will deny the motion to remand. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH NAPOLITANO | : | No. 3:10cv806 |
|     Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| KEVIN DOHERTY; | : | |
| PHILLIPS ELECTRONICS NORTH | : | |
| AMERICA; and | : | |
| ENTERPRISE RENT-A-CAR- | : | |
| COMPANY OF BOSTON, INC., | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 27th day of May 2010, the plaintiff's motion to remand (Doc. 9) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT